# UNITED STATES DISTICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANTHIME GIONET,

    Defendant

**MOTION TO MODIFY CONDITIONS OF RELEASE**

**21-MJ-00014 (GMH)**

## INTRODUCTION

Defendant, Anthime Gionet, through counsel requests this Court to modify the conditions of release currently in place as of January 26th, 2021, requiring Global Positioning System (GPS) monitoring. A memorandum supporting defendant's position follows.

## MEMORANDUM IN SUPPORT OF MODIFYING CONDITIONS OF RELEASE

**I.** **Pretrial GPS monitoring on Mr. Gionet is unnecessary and not legally warranted under the Bail Reform Act.**

    **a.** **Mr. Gionet is Not a Flight Risk.**

Under 18 U.S.C.A. § 3142 this Court shall order that Mr. Gionet be released on his own recognizance unless the Court determines that such release will not reasonably assure the appearance of Mr. Gionet as required or that the community will be endangered by his release.

1

The government has made no showing that Mr. Gionet would not appear at his hearings faithfully as required by this Court. In fact, Mr. Gionet has actively complied with every directive given to him since his arrest. He immediately surrendered his passport when the Court requested. He is a United States citizen and has no ties to other countries. He has kept in constant contact with his Federal Probation Officer. Assuring court of a defendant's appearance at trial is a central objective sought to be achieved by Bail Reform Act. United States v. Gotay, 609 F. Supp. 156 (S.D.N.Y. 1985). Mr. Gionet has not given one scintilla of a hint that he would not appear as directed on every occasion necessary.

Further, the Bail Reform Act creates strong policy in favor of release on personal recognizance and it is **only if** such release would not reasonably assure appearance of person as required that other conditions of release may be imposed. Wood v. United States, 391 F.2d 981 (D.C. Cir. 1968). Here, there has been a strong showing by Mr. Gionet that he has every intention on complying with these proceedings. He has abided by all the previous conditions set upon him. He has appeared as directed all proceedings thus far. He keeps in regular contact with counsel, and he is working in Arizona where he lives.

    **b. There is Zero Evidence that Mr. Gionet is a Danger to Anyone or a Community.**

Mr. Gionet has no criminal record. To be sure, he has a pending misdemeanor case in Scottsdale Arizona with charges of trespass, misdemeanor assault and disorderly conduct but this counsel is retained on the Scottsdale matter and a careful review of the video evidence in that case reveals that Mr. Gionet will be found not guilty if that matter goes to trial.

Aside from the Scottsdale pending charges, Mr. Gionet has led an exemplary life and avoids conflicts with the law. He was raised with a Christian upbringing and went to school in a private Christian school. Mr. Gionet's parents are well respected in their community. They own and run a medical practice. They care very much about him and his well-being as well as the outcome of this matter. Mr. Gionet does not come from a background of violence and disdain for law enforcement. On the contrary, Mr. Gionet made a music video several years back called "We Love Our Cops." The video has been viewed tens of thousands, if not hundreds of thousands of times on youtube.

A review of caselaw regarding electronic monitoring pretrial provides perhaps the clearest indication that GPS monitoring is not appropriate in Mr. Gionet's case. Case after case regarding electronic monitoring reveals that it is generally reserved for cases involving extremely serious crimes such as sex trafficking of minors, (See United States v. Gardner, 523 F. Supp. 2d 1025 (N.D. Cal. 2007), members of organized crime, (See United States v. Esposito, 309 F. Supp. 3d 24 (S.D.N.Y. 2018), aff'd, 749 Fed. Appx. 20 (2d Cir. 2018), defendant's facing racketeering charges, (See United States v. Infelise, 771 F. Supp. 245 (N.D. Ill. 1991), and defendant's accused of armed hijacking to name a few (See United States v. Masotto, 811 F. Supp. 878 (E.D.N.Y. 1993).

Mr. Gionet is charged with Federal misdemeanors, not sex trafficking, organized crime, or armed hijacking. Further, Mr. Gionet has long been a member of the press. His actions on the day many folks entered the capitol were no less then he has always done. He filmed it. That is what he does. January 6th was no different. He filmed what took place. He is not a

3

member of any of the organizations that have dominated news stories such as the proud boys or oath-keepers. He did not arrive in Washington DC with an agenda other than to film what was taking place.

To be sure, there were heinous acts that took place on that day. However, on this occasion for Mr. Gionet, the film he took will show that not only did he **not** engage in violence or tearing down of barriers or breaking of windows or object within or around the capitol, but he can be heard **repeatedly telling others not to break or vandalize anything inside the capitol**. He can be seen fist bumping officers inside. **When he was told to leave, he left**.

## CONCLUSION

Under 18 U.S.C.A. § 3148, this Court has the discretion to issue sanctions for any violation of Mr. Gionet's release conditions. There have been no violations. We respectfully are requesting that this Court afford Mr. Gionet the benefit of his compliance with all imposed conditions to this point and remove GPS monitoring. It is neither necessary because Mr. Gionet is not a flight risk, nor is it required to protect anyone or any community. The facts merely show that Mr. Gionet comes from a simple background. He does not have a history of entanglement with law enforcement or violating either Federal or State laws.

GPS monitoring is not warranted in this case. Mr. Gionet has demonstrated an intention to appear before this Court at all hearings. He poses no threat to anyone, has great respect for law enforcement, our courts, and the judicial system. His actions throughout the court process demonstrate that he will not give this Court reason to sanction him or reimpose monitoring if the Court sees fit to grant this request.

Respectfully submitted this 25th day of March 2021.

                        **THORNLEY LAW FIRM**

/S/Zachary Thornley
Arizona State Bar No: 032363
Thornley Law Firm
1650 N. Dysart Rd. Suite 4
Goodyear, AZ. 85395
ATTORNEY FOR DEFENDANT