UNITED STATES DISTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br><br><br>ANTHIME GIONET,<br><br>       Defendant. | **1:22-CR-00132 (TNM)**<br><br>**DEFENDANT'S MOTION FOR TERMINATION OF PROBATION** |

**Introduction**

Defendant, Anthime Gionet, through counsel, hereby moves the Court pursuant to 18 U.S.C. § 3564(c) to terminate his 24-month term of probation as the sentence is illegal under United States v. Little, 78 F.4th 453 (D.C. Cir. 2023). This Court did not have the legal authority to impose incarceration and a probation term as punishment in Mr. Gionet's Sentencing phase after pleading guilty to one count of U.S.C. § 5104(e)(2)(G). Mr. Gionet served all of the ordered incarceration and has now been the subject of this illegal sentence as he continues to be subject to monitoring on probation.

    **I.**    **Statement of Specific Points**

On January 10, 2023, this Court sentenced Mr. Gionet to 60 days incarceration followed by 24 months of probation for a misdemeanor. Mr. Gionet has complied with all aspects of this Court's Judgment from the same. Mr. Gionet has served all of the ordered time of incarceration. To date, Mr. Gionet has served nearly a year of probation without incident or falter. Mr. Gionet was also ordered to pay an assessment, restitution, and fine totaling $2510.00, to which Mr. Gionet has paid

in full.  Without authority, a sentence of both probation and incarceration were ordered in this matter.  Since Mr. Gionet's sentencing, the legal question of whether authority existed for such a sentence was answered in Little.

    **II.**        **Law and Authority**

    **A.**  **Illegal Sentence under United States v. Little, 78 F.4th 453 (D.C. Cir. 2023)**

Mr. Gionet is serving an illegal sentence that this Court has the authority to terminate under 18 U.S.C.A. § 3564(c) which allows the Court to terminate probation at any time for a misdemeanor upon consideration of: 1) the applicable 18 U.S.C. § 3553(a) factors, 2) the conduct of the defendant, and 3) the interests of justice.  Additionally, Little held that, "a defendant convicted of a single petty offense may not be sentenced both to imprisonment and to probation for that offense.

Here, Mr. Gionet was convicted of a single petty offense of parading or picketing inside the U.S. Capitol.  In Little, the court reasoned, "Probation and imprisonment are alternative sentences that cannot generally be combined."  Like in Little, Mr. Gionet pled guilty to the exact petty offense that Mr. Little had.  Additionally, very much like Mr. Gionet's sentence of 60 days of incarceration, Mr. Little was also ordered to serve 60 days of incarceration.  Little was also ordered to complete a 3-year term of probation.  The Court in Little further went on to analyze U.S.C.A. § 3551 (codified authorized sentences) and determined that, "imprisonment and probation is not an available option," and that, "the options on the menu are alternatives that cannot be combined."  Also here, Mr. Gionet has served the entire 60-day term already and is well into the term of probation.  The court in Little expressed that, "Once a petty offender is done with

2

imprisonment he may move on with his life – whereas more serious offenders may be supervised to keep them on the straight and narrow."

### B. Double Jeopardy Prevents Double Punishment

Because imprisonment and probation were alternative punishments, by continuing probation, Mr. Gionet is being punished twice for the same offense. But "[n]o one can be twice punished for the same crime or misdemeanor[.]" Ex parte Lange, 85 U.S. at 169. Indeed, the Supreme Court has said that "we do not doubt that the Constitution was designed as much to prevent the criminal from being twice punished for the same offence as from being twice tried for it." Id. at 173.

Once Mr. Gionet completed his sentence of imprisonment, double jeopardy "then interposed its shield, and forbid that he should be punished again for that offence" with probation. Id. at 176. "[W]hen the prisoner, as in this case, by reason of a valid judgment, had fully suffered one of the alternative punishments to which alone the law subjected [him], the power of the court to punish further was gone." Id.

In Ex parte Lange, 85 U.S. 163, a defendant was convicted of stealing mailbags from the Post Office under a statute that carried a punishment of either imprisonment for up to one year or a fine of up to $200, but the trial court erroneously imposed the maximum of both punishments. After the defendant had paid his fine and spent five days in prison, the sentencing court attempted to correct its error by entering an order resentencing the defendant to one year in prison. However, The Supreme Court held that because the defendant had "fully performed, completed, and endured one of the alternative punishments which the law prescribed for that offence," the court's "power

to punish for that offence was at an end." Id. at 176. Thus, because the court's second order violated the Double Jeopardy Clause, the Supreme Court ordered that the petitioner be freed. Id. at 178.

Similarly, in In re Bradley, 318 U.S. 50, a defendant was found guilty of contempt and sentenced to six months in prison and a $500 fine. He began serving his prison sentence, and his attorney paid the fine three days later. The court thereafter realized that the relevant statute permitted imprisonment or fine, but not both, and it issued a new order amending the sentence to omit the fine but retain the imprisonment term, with instructions to return the fine to the petitioner. The Supreme Court held the court's new order to be "a nullity." Id. at 52. "As the judgment of the court was thus executed so as to be a full satisfaction of one of the two alternative penalties of the law, the power of the court was at an end." Id. Moreover, "[s]ince one valid alternative provision of the original sentence ha[d] been satisfied, the petitioner [was] entitled to be freed of further restraint." Id.

Here, like in Ex parte Lange, Mr. Gionet has fully suffered one of the alternative punishments. Thus, the power of this Court to continue its supervision of Mr. Gionet through the previously imposed sentence of probation is at an end now that he has fully served his alternative sentence of imprisonment. The interests of justice militate in favor of immediate termination of his probation.

C. **The 3553(a) Factors Reconsidered Favor Immediate Termination of Probation**

After Little, no defendant sentenced for a single petty offense will serve a sentence of imprisonment and probation. Thus, maintaining Mr. Gionet's current term of probation will perpetuate an unwarranted sentencing disparity in contravention of 18 U.S.C. § 3553(a)(6) (requirement for the Court to avoid unwarranted sentencing disparities). In addition, Mr. Gionet's

4

conduct also warrants termination. Mr. Gionet's conduct can be viewed not just from his time on probation but as far back as his pretrial release and monitoring. The Court has nearly 3 years of information from which to draw conclusions about Mr. Gionet's future behavior and demonstrable evidence that he has taken all of the Court's proceedings seriously.

As previously outlined in Mr. Gionet's Sentencing Memorandum, Mr. Gionet was taken into custody in Houston Texas on January 15, 2021. He served five days in custody prior to being released on January 19, 2021. Upon release he served 7 days on home confinement with GPS monitoring until his arraignment hearing on January 25, 2021. On January 25, 2021, Mr. Gionet's release conditions changed, and home detention was removed as a term, but GPS monitoring was kept in place. Mr. Gionet's release conditions were modified again on March 31, 2021, after a request by defense to remove GPS. All total, Mr. Gionet was on GPS monitoring for 89 days. His release conditions required that he also report to a probation officer. He had been required to alert probation to every trip he takes and any or all contact with law enforcement. At the time of Mr. Gionet's sentencing he had been reporting, with perfection, for a total of 780 days or 2 years, 1 month, and 19 days. Nothing changed after sentencing as Mr. Gionet has done all that has been ordered of him. Therefore, Mr. Gionet's demonstrated behavior of compliance would warrant an early termination notwithstanding the Little decision.

### III.   CONCLUSION

Mr. Gionet has been in full compliance with all of the terms of this Court's Judgment Order for this matter. He has served his term of incarceration. This Court has no further jurisdiction or power to continue to punish Mr. Gionet and the interests of justice require termination of his

probation.  Therefore, Mr. Gionet respectfully requests this Court to grant this motion without delay.

Respectfully submitted this 27th day of December 2023.

                                       **THORNLEY LAW FIRM, P.C.**

                                       /s/Zachary Thornley
                                       Pro Hac Vice Admission
                                       Arizona State Bar No: 032363
                                       Thornley Law Firm, PC.
                                       18441 N 25th Ave., Ste. 103
                                       Phoenix, AZ. 85023
                                       Courts@ThornleyLawFirm.com
                                       (602) 686-5223 (Office)
                                       (928) 433-5909 (Fax)
                                       ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 27, 2023, I caused a copy of the foregoing motion to be served on counsel of record via efiling.

                                       /s/ Zachary J. Thornley
                                       Zachary J. Thornley
                                       Attorney for the Defendant