UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No. 1:22-cr-00132 (TNM) |
| v. : | |
| : | |
| **ANTHIME GIONET,** : | |
| : | |
| **Defendant** : | |

### GOVERNMENT'S MOTION TO HOLD IN ABEYANCE A RULING ON DEFENDANT'S MOTION FOR TERMINATION OF PROBATION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Motion to Hold in Abeyance a Ruling on Defendant's Motion for Termination of Probation and states as follows in support of its Motion:

1. On July 22, 2022, Gionet pled guilty to Count 1 of an Information, which charged him with illegally parading, demonstrating, or picketing in a Capitol Building in violation of Title 40 U.S.C. § 5104(e)(2)(g) on January 6, 2021, the date that Congress was set to certify the vote count of the Electoral College of the 2020 Presidential Election.

2. On, January 11, 2023, this Court sentenced Gionet to a split sentence -- 60 days' incarceration followed by 24 months' probation, a $2,000 fine, $500 in restitution, and a $10 special assessment.

3. Gionet ended his term of imprisonment on March 31, 2023.

4. On December 28, 2023, Gionet filed a Motion for Termination of Probation pursuant to Title 18 U.S.C. § 3564(c) and following the decision in *United States v. Little*, 78 F.4th 453 (D.C. 2023). ECF No. 82.

5. The United States of America respectfully moves to hold in abeyance a decision on Defendant's Motion for Termination of Probation.

6. Whether resentencing rather than early termination of probation is the proper remedy for split sentences invalidated by *United States v. Little*, 78 F.4th 453, 454 (D.C. Cir. 2023), is presently before the Circuit Court in *United States v. Caplinger*, Case No. 22-3057 (Doc. No. 2032794, filed Dec. 21, 2023). *See* Government's Exhibit 1 (Appellee's Opposition to Appellant's Renewed Motion to Vacate).

7. In *Caplinger*, the defendant filed a "Renewed Motion To Vacate And Opposition To Government Motion For Remand For Resentencing," seeking early termination of the probationary term of an illegal split sentence and raising the same double jeopardy arguments made by Gionet here. The government filed its response to that motion on December 21, 2023. In ruling on that motion, the Circuit Court will determine whether the defendant is entitled to immediate relief from his probationary term or whether he should be resentenced. Because any ruling will be dispositive, and to conserve judicial resources, the government moves this Court to hold ruling on the present motion in abeyance pending a decision in *Caplinger*.

8. Gionet also argues that the Section 3553(a) factors of Title 18 favor immediate termination of his probation. Gionet first argues that after *Little*, no defendant sentenced for a single petty offense will serve a sentence of imprisonment and probation, and therefore, his current term of probation will cause an unwarranted sentencing disparity. But the strength of this assertion will not be known until after the Circuit Court in *Caplinger* decides whether resentencing or immediate termination of probation is the proper remedy for an illegal split sentence. In fact, if the Circuit Court confirms that

2

resentencing is the appropriate remedy for an illegal split sentence, early termination of Gionet's probation would create a sentencing disparity, setting him apart from other defendants—like the defendants in *Caplinger* and *Little*—who will be resentenced after having served the originally imposed term of incarceration.[1]

9. Gionet also argues that he has fully complied with the terms of his probation and is entitled to immediate termination of it. Courts have held, however, that compliance with the terms of probation is not a valid basis upon which to terminate probation early. Compliance is the expectation. *See also United States v. Ferrell*, 234 F.Supp.3d 61, 64 (D.D.C. 2021) (full compliance with terms of probation, good behavior, and hope to take advantage of career advancement opportunities did not warrant early termination of probation); *United States v. Sutton*, 4:19-MJ-1146-RJ, 2021 WL 1807261 at *3 (collecting cases).

10. While Gionet's stable post-sentencing conduct is commendable, it is also expected. This Court based its sentence of 60 days incarceration and 24 months' probation on the 3553(a) factors and points raised in the Government's Sentencing Memorandum, ECF No. 69, 28 – 41. (The Government's Sentencing Memorandum is incorporated herein by reference.) The arguments supporting the Court's sentence have not changed. Without rehashing all of those arguments, the Government does emphasize below points which

---

[1] Notably, in *Little*, the Circuit Court did not vacate the probationary component of the split sentence but remanded the case to the district court for resentencing. The defendant in *Little* had already served his term of imprisonment when he submitted his brief to the Circuit Court and, for this reason, he argued that "the proper remedy [for his split sentence] is to reverse and remand with instructions that [he] be immediately discharged from probation and that an amended judgment be issued reflecting no probationary term." Br. for Appellant, *United States v. Little*, No. 22-3018 (July 28, 2022) at 40. The Circuit Court evidently did not find merit in this position because it did not end Little's probationary term when it found his split sentence to be unlawful. Instead, the Court "vacate[d] Little's sentence and remand[ed] to the district court for resentencing." *Little*, 78 F.4th at 461.

both supported the Court's sentence and which also support maintaining supervision of Gionet on probation, notwithstanding the impending decision in *Caplinger*.

11. Gionet breached the Capitol twice and remained inside over an hour. He illegally entered the Capitol the second time after a Capitol police officer ushered him out of the building, establishing that the police could not deter his illegal conduct. When the officer ushered him out of the Capitol the first time, Gionet directed an obscene gesture at the officer and yelled at him, "You're a fucking oathbreaker, you piece of shit, fuck you, fuck you, fuck you, you piece of shit, you broke your oath to the Constitution, fuck you." ECF No. 69, 19-20. Gionet even encouraged other rioters to enter the Capitol through a broken window and implored those already in the Capitol not to leave. ECF No. 69, 12, 15. Clearly, Gionet showed no respect for the law on January 6th.

12. Gionet live-streamed his illegal activity to over 16,000 viewers. He also tried to profit from his live-stream, garnering approximately $2,000 from his illegal activity in the Capitol. ECF No. 69, 8, 26, 29.

13. While in the Capitol, Gionet entered two Senate offices and filmed himself in one Senator's office using an office phone to pretend to call the Senate, urging that "[w]e need to get our boy, Donald J. Trump into office" and in the other office proclaiming, "[o]ccupy the Capitol, let's go, we ain't leaving this bitch," and "Patriots are in control"; ECF No. 69, 18-19.

14. Gionet breached the Capitol following two prior arrests in 2020, which led to convictions of assault, disorderly conduct, and criminal trespass for one incident and another conviction for criminal damage for a separate 2020 incident. ECF No. 69, 29 - 30. Even with criminal charges pending from his 2020 conduct, Gionet breached the

Capitol on January 6th, suggesting that he will engage in more illegal conduct if motivated to do so and underscoring the need for the Court to continue to supervise Gionet on probation.

15. In sum, the Government requests this Court to hold in abeyance the decision on Gionet's motion for termination of his probation pending the Circuit Court's decision in *Caplinger*. As noted in the briefing in *Caplinger*, the Government maintains that the proper remedy for an illegal split sentence is resentencing—not termination of one component of a sentencing package crafted by the Court to address the specific circumstances of the defendant's offense and satisfy its statutory responsibility to "impose a sentence sufficient, but not greater than necessary, to comply with the purpose of [the sentencing statute]." 18 U.S.C. § 3553(a). And putting aside the illegality of Gionet's split sentence, nothing raised by Gionet or otherwise reflected in his circumstances weighs in favor of early termination of his probation under Section 3564(c).

WHERFORE, for the foregoing reasons, the United States of America respectfully requests this Court to hold in abeyance a decision on Defendant's Motion for Termination of Probation.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:    /s/ Anthony L. Franks
ANTHONY L. FRANKS
Assistant United States Attorney
Bar No. 50217MO
555 Fourth Street, N.W.
Washington, DC  20530
anthony.franks@usdoj.gov
(314) 539-3995

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2024, I caused a copy of the foregoing motion to be served on counsel of record via electronic filing.

*/s/ Anthony L. Franks*
Anthony L. Franks
Assistant United States Attorney