UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **ANTHIME GIONET**, <br><br> Defendant. | Case No. 1:22-cr-132 (TNM) |

## ORDER

Anthime Gionet moved to terminate the remainder of his 24-month term of probation. *See* Def.'s Mot. for Early Termination of Probation, ECF No. 82. He argues early termination is warranted under 18 U.S.C. § 3564(c), or alternatively required by *United States v. Little*, 78 F.4th 453, 456 (D.C. Cir. 2023). The Court ordered the Government to respond to the motion by January 11. *See* Minute Order (Dec. 28, 2023). But the Government instead moved to hold Gionet's motion in abeyance pending the D.C. Circuit's decision in *United States v. Caplinger*, No. 22-3057 (D.C. Cir.), which presents similar issues. *See* Gov't Mot. to Hold Mot. in Abeyance (Mot. Abeyance), ECF No. 83. Gionet objects, arguing a stay may give the Government a de facto win depending on the speed with which the circuit moves in *Caplinger*. *See* Def.'s Opp'n to Mot. for Abeyance, ECF No. 84.

Gionet has the better argument. "Resolving a motion to stay or to hold a matter in abeyance pending the outcome of a related or parallel proceeding turns upon the unique circumstances of the case, and is largely a matter of discretion for the court." *Khadr v. Bush*, 587 F. Supp. 2d 225, 229 (D.D.C. 2008). The Government, however, bears the burden of showing a stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997). And it "must make out a clear case for hardship or inequity in being required to go forward, if there is even a fair

possibility that the stay for which [it] prays will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

The Government has not met this burden. It merely notes that any decision in *Caplinger* will be "dispositive," and suggests waiting will "conserve judicial resources." Mot. Abeyance at 2. Fair enough. But the Government will not face "hardship or inequity" if it is required to press on without the circuit's guidance. *Landis*, 299 U.S. at 255. Gionet, on the other hand, may end up serving a unlawful sentence if, at the end of a lengthy stay, *Caplinger* comes out in his favor. So he wants the Court to adjudicate the merits of his motion now. And that makes sense. Litigants are "rare[ly]" required "to stand aside while a litigant in another [case] settles the rule of law that will define the rights of both." *Id.* For these reasons, it is hereby

**ORDERED** that the Government's [83] Motion to Hold Gionet's Motion in Abeyance is DENIED; and it is further

**ORDERED** that the Government must respond to the merits of Gionet's [82] Motion for Early Termination by January 24; and it is further

**ORDERED** that Gionet must file any reply by January 31.

**SO ORDERED**.

Dated: January 17, 2024                                         TREVOR N. McFADDEN, U.S.D.J.