UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

                                        1:22-CR-00132 (TNM)

ANTHIME GIONET,

    Defendant.

**REPLY TO GOVERNMENT'S RESPONSE**

    Defendant, Anthime Gionet, through counsel, filed a motion to terminate probation. Mr. Gionet herein submits the following in reply to the government's response. Both parties appear to be asking the Court for the same outcome.[1] It appears that the difference in requests to the Court is how we get to that outcome. Given what appear to be similar goals, this reply will focus on several aspects of the Government's Response that are nonsensical.

    **I.    A CONVOLUTED RESENTENCING SCHEME IS UNNECESSARY**

    The Government spent a great bit of space in their argument eagerly advocating for the Court to employ a convoluted resentencing scheme. A surface level view of the argument conceals some troublesome and blatant issues. First, the Government argues that the as long as the Court gives "credit" for either time served and/or days of probation then the court does not run afoul of double jeopardy. The government indicates, via citation, that because incarceration is more

---

[1] See last sentence of Government's Response and Conclusion whereby the Government requests Mr. Gionet be resentenced to probation equal to time served, thereby terminating Mr. Gionet's sentence.

1

onerous than probation then "day-for-day" credit is not warranted.  See Govts. Memo. In Opp. To Mot. For Early Termination of Prob. ECF 86, 10 n.3.   This approach leads to multiple issues.

Here, if day-for-day credit is not appropriate, what is?  Is it 1.5 days of probation for one day of incarceration?  Is it 2, 2.5, or even 3 days of probation to count for a day of incarceration? Mr. Gionet has been on probation since January 10, 2023.  The total days of probation is 386 as of the day of this filing.  If we agree that 2 days of probation are equal to one day jail then Mr. Gionet would get credit for 193.5 days of jail plus the 60 days jail he served in incarceration for a total of 253.5 days of jail.  Mr. Gionet's crime can only be punished for a maximum of 180 days of incarceration so we end up back where we started with an illegal sentence and argument that because of the illegal sentence, Mr. Gionet's matter should be disposed of.  Even if we agree that 2 days is insufficient, and its every 3 days of probation the math comes out to 189.3 days of incarceration.  The Government only indicates in their argument that one-for-one credit isn't appropriate and merely provides that the Court will need to make the "credit" determination.

Protracted litigation for resentencing regarding how many days credit is unnecessary, a waste of judicial resources, and a waste of taxpayer dollars when both parties appear to be asking for the same outcome.   Again, the government asks this Court to resentence Mr. Gionet to probation with credit for time served.  The government tends to allude to the very real possibility that the Court will end up at the result of giving credit for time served stating, "[t]he government anticipates that the Court may decide that a new sentence equivalent to time served is appropriate." Id at pg. 9.  If we take all the fancy attorney legal arguments out of this situation and purely view this from a standpoint of logic, the most direct route from point A to point B is a straight line. Going through the government's labyrinth to end up in the same place both parties anticipate is illogical.

## II.       **GOVERNMENT'S FIAT ARGUMENT**

The government's argument leads to additional unnecessary litigation. The argument that the government makes is essentially an argument in which we fiat that Mr. Gionet was never sentenced. By doing so, we pretend that Mr. Gionet was never sentenced, and then he may be sentenced as if it's the first instance, as long as we give him credit for time served. The fallacy in this argument is that Mr. Gionet was in fact sentenced previously and a portion of that sentence has been ruled to be illegal. If Mr. Gionet is resentenced to probation, even by going through the government's resentencing labyrinth, then the same problem arises, that Mr. Gionet's probation was illegal after serving his term of incarceration. To put it plainly, Mr. Gionet cannot be resentenced to any term of probation, when the Court in <u>Little</u> clearly indicated that it was illegal for him to have been sentenced to both in the first instance.

Further, the Government advocates that Mr. Gionet submit an appeal to gain the relief already granted in <u>Little</u> or file a challenge based upon 28 U.S.C. § 2255. Precedent on this very exact issue has already been set forth in <u>Little</u>. It need not be relitigated and indeed attempting to do so would be an exercise in futility. Possibly, if <u>Little</u> was decided in such a narrow fashion as to only apply to <u>Little</u> then such an argument for Mr. Gionet to file his own appeal may hold some merit, however the <u>Little</u> decision is expansive and applies to this very situation we have before us at this time. The Government does not appear to take the position that Little does not apply to Gionet. Therefore, the argument for Mr. Gionet to file an appeal holds no weight and is unreasonable. 28 U.S.C. § 2255 does not apply to the matter before us. Neither is Mr. Gionet a prisoner nor is he in custody. Even if § 2255 applied, the government appears to suggest that Mr. Gionet's petition isn't satisfactory but gives no reasons as to why. The courts construe motions liberally irrespective of whether a motion has a specific caption, <u>See</u>, <u>Burns v. United States</u>, 321

F.2d 893 (8th Cir. 1963) (holding A federal district court is not bound by the label attached to the remedy pursued by a prisoner challenging a sentence in a post conviction proceeding, but rather a duty exists to exercise jurisdiction on basis of factual circumstances involved) See also, United States v. Rutkin, 212 F.2d 641 (3d Cir. 1954) (holding In proceeding to vacate sentence, the label on petition or motion is not determinative, and fact that defendant has not expressly labeled his petition as a motion to vacate sentence is no reason to refuse to pass on merits of his claims).

Therefore, the Government's request to have this Court order Mr. Gionet to pursue his relief though other routes is not grounded in reason and only serves to cause delay and drag these proceedings on. Due to the decision in Little, this Court cannot afford to send Mr. Gionet on a wild goose chase for an answer or decision. Little essentially functions as a brick wall to Mr. Gionet's probation extending for one day longer than the Court needs to issue an Order in this matter now that the issue has been raised. The appellate court in Little issued a formal Mandate on November 9, 2023, and the Government is not entitled to an ad hoc stay of that mandate by attempting to have Mr. Gionet perform legal gymnastics to obtain a right and just outcome forthwith.

### III. GOVERNMENT'S CALCULATION FOR LENGTH OF PROBATION ALREADY SERVED IS INCORRECT.

The government indicated that the probation department would oppose early termination. First, the probation department does not override the decision in Little. But also, the Government calculates that half of Mr. Gionet's 24-month term of probation would be March 31, 2024. This is incorrect. 18 U.S.C.A. § 3564(a) provides, "A term of probation commences on the day that the sentence of probation is imposed, unless otherwise ordered by the Court. Here, probation was ordered per the court's judgment at sentencing on January 10, 2023. The Court did not order

4

probation to start at some later date.  See 1:22-cr-00132-TNM, Judgment in a Crim. Case. of Jan. 10, 2023, ECF, 3.  Further, Mr. Gionet was not free from probation until March 31, 2023.  Mr. Gionet had immediate terms he had to comply with such as immediately reporting to probation, submitting to a drug test, reporting and requesting permission for all his movements in or out of his home state, along with many other mandated terms.  It is now January 31, 2024, at the time of this filing, therefore, more than half of the illegal term of probation has been served.  More importantly, this Court may rely upon 18 U.S.C.A. § 3564(c) as a valid reason for terminating probation after considering the factors set forth in 18 U.S.C.A. § 3553(a).  The government does not argue that § 3553(a) factors would not warrant early termination.  Again, as previously quoted, the government referred to Mr. Gionet's time both in custody and throughout the illegal term of probation as "commendable".  It is well documented that Mr. Gionet has been in absolute compliance.  Further and even greater, a judicial review of the factors in §3553(a) justifies termination.

### IV.    COURT'S DISCRETION

The Court has broad discretion in this instance.  "A district court has broad discretion to consider particular facts in fashioning a sentence under the statute setting forth the sentencing factors, which it abuses only if it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Bullcoming, 579 F.3d 1200 (10th Cir. 2009).  Except that, "The court must channel its discretion to sentence a defendant within the limits of the applicable statute through all of the statutory sentencing factors." United States v. Perez-Veleta, 541 F. Supp. 2d 1173 (D.N.M. 2008).  Additionally, "In federal judicial system, trial judges have broad discretion in pronouncing sentences in criminal cases and sentences within statutory limits are not subject to review." United States v. LeMon, 622 F.2d 1022 (10th Cir. 1980).  Also, "When

sentence is within the limit described by statute, length of sentence imposed is within the discretion of the trial court and will not be disturbed by the reviewing court." United States v. Floyd, 477 F.2d 217 (10th Cir. 1973).

Here, the matter of Mr. Gionet's sentencing is back before this Court. It is clear this Court has many options on how to dispose of this issue, whether the Court chooses termination of probation based upon the mandate in Little, based upon factors in §3553(a), based upon a resentencing, or just plain out due to the Courts discretion for factors or reasons the Court finds suitable. The only restrictions on the Court's ability to dispose of this issue are statutory. Little provided statutory guidance as to whether both probation and incarceration are allowed. We now know they are not. The Court is restrained in that respect. Further, the parties agree that additional harsher punishment would be a violation of Mr. Gionet's Constitutional Rights and the Court is restrained in that respect but more importantly it is not warranted. What is evident, is that this Court is not bound by the options the Government requests. The Court has the discretion and ability to immediately terminate probation for a variety of reasons as previously aforementioned.

V.     **CONCLUSION**

The Government has requested this Court to order that Mr. Gionet go through a labyrinth before he ultimately comes out the other side with a just result. But more surprisingly, the Government requests the Court to go ahead and resentence him to a period of time served after he has gone through this pointless process. The defense submits this most illogical request is quite unnecessary. Both parties are asking for the same outcome – Time Served. Therefore, the little mandate dictates the Court acts expediently to relieve Mr. Gionet of the illegal sentence and the Court should swiftly terminate Mr. Gionet's probation.

Respectfully submitted this 31st day of January 2024.

**THORNLEY LAW FIRM, P.C.**

/s/Zachary Thornley
Pro Hac Vice Admission
Arizona State Bar No: 032363
Thornley Law Firm, PC.
18441 N 25th Ave., Ste. 103
Phoenix, AZ. 85023
Courts@ThornleyLawFirm.com
(602) 686-5223 (Office)
(928) 433-5909 (Fax)
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that on January 31, 2024, I caused a copy of the foregoing motion to be served on counsel of record via efiling.

/s/ Zachary J. Thornley
Zachary J. Thornley
Attorney for the Defendant