UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>     v.<br><br>**ANTHIME GIONET**,<br><br>                    Defendant. | Case No. 1:22-cr-132 (TNM) |

### ORDER

Anthime Gionet pleaded guilty to a petty offense: illegally parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). He received a "split sentence" of 60 days' incarceration, followed by 24 months' probation. *See* Minute Entry (Jan. 10, 2023). Gionet completed his prison term on March 31, 2023, and is roughly halfway through his probation term. He now moves to terminate the remainder of his probation term under 18 U.S.C. § 3564(c). *See* Def.'s Mot. for Early Termination, ECF No. 82. The Government opposes the motion. *See* Gov't Opp'n, ECF No. 86. After carefully reviewing the parties' arguments and relevant law, the Court denies Gionet's motion.

Congress allows courts to terminate a misdemeanant's term of probation "at any time." 18 U.S.C. § 2564(c). But this ability comes with a few caveats. To terminate probation early, the court must be "satisfied that such action is warranted by the conduct of the defendant and the interest of justice." *Id.* And the court may only take this action "after considering the factors set forth in § 3553(a) to the extent that they are applicable." *Id.* Summed up, early termination must be warranted by (1) the defendant's conduct, (2) the interests of justice, and (3) the relevant § 3553(a) factors.

Gionet argues these factors weigh in favor of early termination. On conduct, he points out that he has fully complied with the terms of his probation. Def.'s Mot. at 5. And on the

remaining two factors, his argument boils down to the D.C. Circuit's recent holding that "a defendant may not get probation and imprisonment for a single petty offense." *United States v. Little*, 78 F.4th 453, 456 (D.C. Cir. 2023) (cleaned up). All parties agree this holding describes Gionet's split sentence—imprisonment followed by probation for a single petty offense. *See* Def.'s Mot. at 1; Gov't Opp'n at 1. Because his "sentence is illegal under [*Little*]," Gionet argues the interests of justice and § 3553(a) factors require early termination. Def.'s Mot. at 1.

The Court disagrees. To the extent Gionet seeks early termination based on his conduct, his motion falls short. Gionet's compliance with his probation conditions is commendable, but it is also expected. For this reason, "mere compliance with the conditions . . . is not enough to warrant early termination" of probation. *United States v. Wesley*, 311 F. Supp. 3d 77, 81 (D.D.C. 2018). If it were, good probationers would always seek and receive early termination.

That leaves the real thrust of Gionet's motion—that his sentence is unlawful under *Little*. But this reveals Gionet's motion as a dressed-up challenge to the legality of his sentence. So that triggers "the habeas-channeling rule of *Preiser v. Rodriguez*, 411 U.S. 475 (1973)," which bars his challenge's "consideration outside the context of [a] direct appeal[] or collateral review under" 28 U.S.C. § 2255. *United States v. Jenkins*, 50 F.4th 1185, 1200 (D.C. Cir. 2022). Put another way, Gionet picked the wrong vehicle to challenge his sentence.

The right vehicle is a motion under 28 U.S.C. § 2255. Gionet's sentence has become final on direct review. So "habeas corpus is '*the* specific instrument' for challenging assertedly unlawful confinement." *Id.* at 1203 (quoting *Preiser*, 411 U.S. at 486). Indeed, "habeas corpus is the *exclusive remedy* for a . . . prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of" the early termination statute. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (emphasis

2

added). And this rule holds true for probationers and prisoners alike. *See Watson v. United States*, 2019 WL 5864756, at *1 n.1 (D.D.C. Oct. 31, 2019) ("A person is generally considered 'in custody'" for purposes of § 2255(a) "if he is being held in a prison or jail, or if he is released on conditions of probation or parole[.]" (citing *Jones v. Cunningham*, 371 U.S. 236, 240 (1963))).

Picking the right vehicle matters; it is not a legal shell game. The canon of habeas corpus law "contains a bevy of retroactivity, procedural default, statute of limitations, and successiveness rules specifically designed to balance the competing interests in finality and error correction." *Jenkins*, 50 F.4th at 1203. Gionet may not end-run these limitations by cloaking his sentencing challenge in the garb of an early termination motion under 18 U.S.C. § 3564(c).

Section 3564(c) admittedly paints with a broad brush, authorizing early termination in the "interest of justice." But even if this "statute literally extends to claims of sentencing error established by intervening precedents, such claims are hardly at its core." *Jenkins*, 50 F.4th at 1203; *see also Heck*, 512 U.S. at 481. The termination statute orients itself toward changes in *factual* circumstances since sentencing. For instance, "exceptionally good behavior" or a sudden "inability to pay a fine or restitution" may "render a previously imposed term or condition . . . either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Mathis-Gardner*, 783 F.3d 1286, 1289 (D.C. Cir. 2015) (cleaned up); *see also United States v. Wesley*, 311 F. Supp. 3d 77, 82 (D.D.C. 2018) (requiring "extraordinary circumstances" of a factual nature).[1] It does *not* obviously encompass "legal errors at sentencing." *Jenkins*, 50 F.4th at 1203. So Gionet "may not rely on a generally worded statute

---

[1] Although these cases address the termination of *supervised release* statute, it substantially mirrors the termination of *probation* statute. *Compare* 18 U.S.C. § 3564(c), *with* 18 U.S.C. § 3583(e)(1).

3

to attack the lawfulness of his imprisonment, even if the terms of the statute literally apply." *Id.* at 1202. He must file a § 2255 motion.

One final observation: The Government says it "would waive any applicable procedural barriers to . . . relief sought . . . based on the *Little* decision, such as appellate or collateral review waivers, procedural defaults, or statutes of limitations." Gov't Opp'n at 9 n.2. Should Gionet choose to file a habeas petition, the Court will hold the Government to its words. *Cf. New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("Where a party assumes a certain legal position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." (cleaned up)).

For these reasons, it is hereby

**ORDERED** that Gionet's [82] Motion for Early Termination of Probation is DENIED.

**SO ORDERED**.

Dated: February 9, 2024

TREVOR N. McFADDEN, U.S.D.J.

2024.02.09 11:00:18 -05'00'

4